UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

REVOCABLE LIVING TRUST
OF PAMELA KELLY,
LAURA DRIGOTAS, and
MARTIN DRIGOTAS

        Plaintiffs,

Case No.

vs.

CISCO SYSTEMS, INC. WELFARE
BENEFIT PLAN

        Defendant.
_____/
Charles Gottlieb (P14221)
Gottlieb and Goren, P.C.
Attorneys for Plaintiff
30150 Telegraph, Suite 249
Bingham Farms, Michigan 48025
(248) 593-0090
cgottlieb@g2law.net
_____/

# COMPLAINT

      Plaintiffs, by their attorneys, Gottlieb and Goren, P.C., for their complaint, state:

1.     This action requests monetary and other relief for plaintiff Revocable Living Trust of Pamela Kelly, and its beneficiaries, plaintiffs Laura Drigotas and Martin Drigotas.

2.     Pamela Kelly, deceased, was a participant in the Life Insurance Plan, Plan No. 501, for employees of Cisco Systems, Inc. ("Cisco").

3.     The Plan is an employee welfare benefit plan providing life insurance benefits for Pamela Kelly and other Cisco employees.

4.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., which provides in §1132(e) and (f) that District Courts have

1

jurisdiction over actions involving benefits, rights and violations under the terms of an employee benefit plan and ERISA.

5. Venue is proper under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because the alleged violations took place in this district or because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Life Insurance and Waiver of Premium Benefits

6. Unum Life Insurance Company of America ("Unum") is the insurer, under Policy No. 25714 001, for the subject life insurance benefits.

7. Cisco is the Plan Administrator designated by the Plan.

8. The Plan is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).

9. Cisco employed the decedent as a Service Account Managers and she last worked March 30, 2004.

10. Decedent exhausted her medical leave of absence on January 28, 2006, and her employment status ended on February 20, 2006.

11. Decedent was an eligible employee for the life insurance benefits provided by the Plan and the amount of that benefit for decedent is $790,000.

12. The decedent died on May 30, 2009.

13. According to the Summary Plan Description ("SPD"), the decedent was entitled to a waiver of premium benefit ("WOP") for the life insurance if disabled.

14. The SPD defines disability for the WOP as follows:

> After the elimination period, due to the same injury or sickness, you are unable to perform the duties of any gainful occupation for which you are or become reasonably fitted by training, education

or experience and which disability is, in fact, preventing you from engaging in any employment or occupation for wage or profit.

15. On and after the decedent's last day of work, she suffered from:

   a. Severe depression;

   b. Chronic lower back pain;

   c. Failed lumbar fusion;

   d. Hypertension;

   e. Diabetes mellitus;

   f. Impaired concentration;

   g. Side effects of narcotic pain mediation.

16. The cause of decedent's death was Stage IV pancreatic cancer.

17. The Social Security Administration awarded decedent disability benefits, ruled she became disabled on March 31, 2004, and paid the benefits until her death.

18. Metropolitan Life Insurance Company approved decedent for long-term disability benefits, determined she became disabled on March 31, 2004, and paid the benefits until her death.

19. On November 20, 2010, Unum received a claim for the life insurance benefits on behalf of the plaintiff Revocable Living Trust.

20. On April 3, 2012, Unum issued a final denial of the life insurance claim, stating:

   At the time of her death no life insurance coverage was in effect under the governing policy and no life insurance benefit is payable.

21. According to Unum's final denial:

   a. Decedent was provided two packets of the form for filing a WOP.

   b. Unum did not receive a timely WOP claim form from decedent.

3

      c. "Premium ended with the termination of the policy effective January 1, 2005."

      d. Premiums were paid on decedent's behalf through February 28, 2006.

      e. Decedent "was obliged to file the claim by December 25, 2005 in the absence of proof of legal incapacity."

      f. Decedent did not suffer a legal incapacity that prevented her from filing a timely claim for waiver of premium.

22. Unum's denial is subject to *de novo* review.  Mich. Admin. Code R. 500.2202.

23. Unum did not notify the decedent or defendant that decedent's life insurance policy had terminated.

24. Unum was not prejudiced by a late notice of a WOP claim because it was able to investigate and did investigate and obtain the facts regarding decedent's disability.

25. Unum accepted premiums for decedent's life insurance until February 28, 2006, 14 months after Unum alleges her life insurance terminated.

26. Unum drafted the SPD applicable to decedent's life insurance claim.

27. Decedent's disability entitling her to the waiver of premium occurred while the life insurance policy was in force and notice of the WOP claim was a condition subsequent.

    WHEREFORE, plaintiffs request that this court:

      a. Order defendant to pay the subject life insurance benefit and declare the premiums were waived due to plaintiff's disability.

      b. Order defendant to pay reasonable attorney fees, costs, expenses, and legal interest.

5

Dated: March 12, 2013  GOTTLIEB AND GOREN, P.C.

By: /s/Charles Gottlieb
 Charles Gottlieb (P14221)
 Attorney for Plaintiff
 30150 Telegraph Rd., Ste. 249
 Bingham Farms, Michigan 48025
 (248) 593-0090
 cgottlieb@g2law.net