UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REVOCABLE LIVING TRUST OF
PAMELA KELLY, LAURA DRIGOTAS, and
MARTIN DRIGOTAS,       Case No. 13-cv-11095

    Plaintiffs,       HONORABLE STEPHEN J. MURPHY, III

v.

CISCO SYSTEMS, INC. WELFARE
BENEFIT PLAN and UNUM LIFE
INSURANCE COMPANY OF AMERICA,

    Defendants.
                                        /

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** (document nos. 17 & 23)

    Plaintiffs the Revocable Living Trust of Pamela Kelly, Laura Drigotas, and Martin Drigotas seek life insurance benefits under an ERISA-regulated group policy in which decedent Pamela Kelly was a participant. Defendant Cisco Systems, Inc. Welfare Benefit Plan ("Cisco") is the plan administrator, and Defendant Unum Life Insurance Company of American ("Unum") is the insurer. Before the Court are Unum's and Cisco's motions to dismiss the complaint on the basis that the claim is time-barred. The Court conducted a hearing on March 20, 2014. For the reasons stated below, the motions will be granted and the complaint will be dismissed.

## BACKGROUND

    Decedent Pamela Kelly was a participant in Life Insurance Plan No. 501, an employee welfare benefit plan providing life insurance benefits for the employees of Cisco Systems, Inc. Compl. ¶¶ 2-3. Kelly died on May 30, 2009. *Id.* ¶ 12.

    Under the policy, "If a claim is based on death, written notice and proof of claim must be sent no later than 90 days after the date of death." Mot. to Dismiss 18, Ex. A, ECF No.

17.[1] The policy further provides, "You or your authorized representative can start legal action regarding a claim 60 days after proof of claim has been given and *up to 3 years from the time proof of claim is required*, unless otherwise provided under federal law." *Id.* at 32 (emphasis added).

Unum did not receive a claim for life insurance benefits for Kelly until November 2010. Denial Letter 3, ECF No. 18-2. The claim was denied in a letter dated December 20, 2010, "which explained that Ms. Kelly had no coverage in affect [sic] under the governing policy at the time of her death on May 30, 2009. The letter explained that Ms. Kelly's coverage had ended when the policy terminated effective January 1, 2005, and that at no time had Ms. Kelly filed a claim for waiver of premium due to disability that would have extended her coverage beyond the policy termination date." *Id.*

On March 7, 2011, Plaintiffs appealed the claim denial. *Id.* The appeal resulted in Unum overturning the claim decision because that had not taken into consideration whether Kelly had the legal capacity to give proof of claim after she stopped working and returning the claim to its Benefits Center to complete the company's analysis of benefit eligibility, including Kelly's legal capacity to give proof of claim. *Id.* In a letter dated December 29, 2011, "the Benefits Center concluded that Ms. Kelly had the legal capacity to give proof of claim within the timeframe specified by the governing policy and that she had not done so. The letter explained that no benefits were payable, as Ms. Kelly did not have group life insurance coverage in effect at the time of her death. The coverage had been cancelled on

---

[1] Although Plaintiffs did not attach the policy to the complaint, the Court may consider the terms of the policy and related documents submitted by the parties without converting the instant Rule 12 motions into Rule 56 motions because the policy and these documents are integral to Plaintiffs' claim and are referenced in the complaint. *See Greenberg v. Life Ins. Co of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

2

January 1, 2005. Ms. Kelly did not file a claim for premium waiver due to disability prior to the policy termination date or at a later date preceding her death." *Id.*

Plaintiffs appealed again by letter dated March 19, 2012. *Id.* at 5. By letter dated April 3, 2012, Unum reaffirmed its denial. *See id.* On October 19, 2012, Plaintiffs sent another letter challenging the decision. *See* Unum Letter, ECF No. 18-3. By letter dated October 23, 2012, Unum again affirmed its denial. *Id.*

Plaintiffs filed the instant complaint on August 1, 2013.

## STANDARD OF REVIEW

Civil Rule 12(b)(6) allows dismissal of actions that "fail to state a claim upon which relief can be granted." A district court should only grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (quoting *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In evaluating a motion to dismiss, the Court presumes the truth of all well-pled factual allegations. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006). All reasonable factual inferences are to be drawn in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007).

## DISCUSSION

Unum's main argument, in which Cisco joins, is that the complaint is time-barred because it was not filed within three years of when proof of claim was required as set forth

3

by the policy. In their briefs, all of the parties agreed that the Supreme Court's then-pending decision in *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S.Ct. 604 (2013), would be dispositive of the issue. After Unum and Cisco notified the Court that *Heimeshoff* had been decided and presented argument that the case supported their position, the Court gave an opportunity to Plaintiffs to respond, and they did.

A participant in an employee benefit plan covered by ERISA may bring a civil action under § 502(a)(1)(B) to recover benefits due under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). Because ERISA does not contain a statute of limitations for claims seeking benefits, "[a]bsent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff*, 134 S.Ct. at 611. A three-year limitations period is reasonable. *Id.* at 610; *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009).[2] The ruling in *Heimeshoff* means that parties may contract for the date on which an ERISA claim accrues. Because participants must exhaust internal review before bringing a claim for judicial review, a participant's cause of action under ERISA usually does not accrue until the plan issues a final denial. *Heimeshoff*, 134 S.Ct. at 610. The Supreme Court in *Heimeshoff*, however, upheld a three-year limitations period that began to run at the time proof of loss was due. *Id.* at 610.

---

[2] Plaintiffs argue that Mich. Comp. Laws § 500.4046(2) requires a six-year limitation period. This argument is unavailing. Mich. Comp. Laws § 500.4046(2) provides, "No policy of life insurance other than industrial life insurance shall be issued or delivered in this state if it contains . . .[a] provision limiting the time frame within which any action at law or in equity may be commenced to less than 6 years after the cause of action shall accrue." First, this law applies only to "life insurance policies, other than . . . group life insurance," which is the type of policy at issue in the instant case. Mich. Comp. Laws § 500.4000(1). In addition, the policy at issue appears to be governed by the law of Maine rather than that of Michigan.

Under the policy at issue, proof of claim must be sent no later than 90 days after the date of death. Kelly died on May 30, 2009. Thus, the proof of claim was due on August 28, 2009, and Plaintiffs had three years until August 28, 2012 to file their lawsuit. Yet, they did not file suit until August 1, 2013. Therefore, the action is time-barred.[3]

Plaintiffs' main argument is that the contractual limitation period did not start until Plaintiffs exhausted the administrative process, which they contend began after Unum issued its final administrative denial on October 23, 2012. The argument is foreclosed by *Heimeshoff*. The Court explained, "By effectively delaying the commencement of the limitations period until the conclusion of the internal review, however, this approach reconstitutes the contractual revision we declined to make. As we explained, the parties' agreement should be enforced unless the limitations period is unreasonably short or foreclosed by ERISA." *Id.* at 616. Since the statute of limitations period here is not unreasonable, it should be enforced, and Plaintiffs are not entitled to tolling during the administrative process.

Plaintiffs now argue that they are entitled to waiver and estoppel because the first denial, issued in 2010, and the final denial, issued in 2012, occurred after the three-year period and prevented them from bringing suit. Plaintiffs point to the following language in

---

[3] It is undisputed that the claim was denied because Kelly no longer had coverage at the time of her death. This is because she never filed a claim seeking waiver of the premium as a result of disability so that coverage could continue after she stopped working. Plaintiffs attempt to argue that the relevant proof of claim was for the waiver of premium. They contend that the deadline for an action challenge the waiver would have ended on December 25, 2007, and it would be absurd for Unum to hold them to such a date since Unum had not notified them or the decedent that they policy had terminated. But, the argument is irrelevant. Plaintiffs are challenging the denial of benefits based on the 2009 death, and the denial was issued because the policy was cancelled. Even though the denial was based on the 2005 cancellation of the policy, the case is about the claim for death benefits, and the period related to making proof of that claim therefore controls.

*Heimeshoff*: "Moreover, even in the rare cases where internal review prevents participants from bringing § 502(a)(1)(B) actions within the contractual period, courts are well equipped to apply traditional doctrines that may nevertheless allow participants to proceed. If the administrator's conduct causes a participant to miss the deadline for judicial review, waiver or estoppel may prevent the administrator from invoking the limitations provision as a defense." *Id.* at 616.

Here, however, Plaintiffs', not the administrator's, dilatory conduct caused them to miss the deadline for judicial review. Even though Kelly died on May 30, 2009, Plaintiffs waited far more than a year until November 2010 to claim insurance benefits. Unum denied the claim on December 20, 2010. The only reason that the last denial took place when it did is because Plaintiffs challenged that denial three times, each time taking three to six months to ask for reconsideration. Furthermore, Plaintiffs took nearly a year after the last denial to file the instant action.[4] Accordingly, Plaintiffs are not entitled to waiver or estoppel of the three-year limitations period.

## CONCLUSION

The instant claim is time-barred because it was filed more than three years after proof of claim was required as set forth by the policy. This period was not subject to tolling while the claim was administratively reviewed. Furthermore, since Plaintiffs, rather than Unum,

---

[4] During oral argument, Plaintiffs suggested that they should be entitled to amend their complaint to allege waiver or estoppel and present documents at summary judgment that would suggest dilatory conduct by Unum. Even assuming such delays by Unum occurred during the reconsideration process, the undisputed facts show dilatory conduct by Plaintiffs in waiting over a year to file a claim. Once that claim was made, Unum denied it within a month. In addition, Plaintiffs acted without haste by waiting nearly a year after final denial was issued to file their complaint. As a result, amendments or additional evidence would be futile to resolve the statute of limitations issue.

6

caused the delay that led to missing the deadline for filing a lawsuit, they are not entitled to argue that the period was waived or estopped.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Unum and Cisco's motions to dismiss (document nos. 17 & 23) are **GRANTED**.

**IT IS FURTHER ORDERED THAT** the amended complaint (document no. 9) is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 29, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager