

**UNITED STATES DISTRICT COURT**
FOR THE EASTERN DISTRICT OF MICHIGAN

**KINIKIA D. ESSIX**
COURT ADMINISTRATOR
PHONE: 313-234-5051
FAX: 313-234-5399

539 THEODORE LEVIN UNITED STATES COURTHOUSE
231 W. LAFAYETTE BOULEVARD
DETROIT, MICHIGAN 48226
www.mied.uscourts.gov

DIVISIONAL OFFICES
ANN ARBOR
BAY CITY
FLINT
PORT HURON

August 19, 2021

Charles Gottlieb
Gottlieb & Goren
30150 Telegraph Road
Suite 249
Bingham Farms, MI 48025-4480

Charles M. Dyke
Trucker Huss APC
1 Embarcadero Center
Suite 1200
San Fransisco, CA 94111
415-788-3111

Jeena S. Patel
Warner, Norcross,
2000 Town Center
Suite 2700
Southfield, MI 48075-1318

Sean T. Strauss
Trucker Huss APC
1 Embarcadero Center
Suite 1200
San Francisco, CA 94111

D. Andrew Portinga
Miller, Johnson,
45 Ottawa Ave. SW, Ste. 1100
Grand Rapids, MI 49503

J. Michael Smith
Miller, Johnson,
250 Monroe Ave NW
Suite 800
P.O. Box 306
Grand Rapids, MI 49501-0306

Letter Re Case No. 13-cv-11095
August 19, 2021
Page 2

In Re: *Revocable Living Trust of Pamela Kelly et al v. Cisco Systems, Inc Welfare Benefit Plan*, Case No. 13-cv-11095

Dear Counsel,

I have been contacted by Judge Stephen Murphy who presided over the above referenced case.

Judge Murphy informed me that it has been brought to his attention that while he presided over the case, he owned a small amount of stock in Cisco Systems, Inc. His ownership of stock neither affected nor impacted his decisions in the case. But his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Murphy directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned even though that may occur after entry of a decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplates disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar consideration would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Murphy's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 29, 2021. Any response will be considered by another judge of this court without the participation of Judge Murphy.

Sincerely,

Kinikia D. Essix
Court Administrator